CLERK US DISTRICT COURT
NORTHERN DIST. OF TX.
FILED
2017 AUG -7 AM 8: 59

DEPUTY CLERK_____

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| PIUS AILEMEN, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. |
| | § | 1:15-CV-199-BL |
| GEO GROUP Inc., *et al.* | § | |
| | § | |
| Defendants. | § | Assigned to U.S. Magistrate Judge |

**OPINION and ORDER OF DISMISSAL
UNDER 28 U.S.C. §§ 1915A & 1915(e)(2)(B)** [1]

This case is before the Court for review of pro-se-inmate/ plaintiff Pius Ailemen's pleadings under the screening provisions of 28 U.S.C. §§ 1915A and 1915(e)(2)(B). Ailemen initially filed a handwritten complaint, but after the issuance of a Court order regarding an amended complaint, Ailemen filed a from civil-rights complaint with attachment pages as an amended complaint. (Doc. 15.) Ailemen also filed a supplement to his amended complaint. (Doc. 20.) As an amended complaint supersedes a prior pleading, the Court will consider the amended complaint, and as the supplement was not intended to replace the amended complaint, it will also be considered only as a supplement to the amended complaint.

In these pleadings, Ailemen seeks relief against the GEO Group, Inc. and the Bureau of Prisons. (Amend Compl. (doc. 15, at 1, 3.) Plaintiff alleges that after he was transferred into Big Spring Correctional Center, operated by defendant GEO Group, Inc., in May 2015 and continuing through February 2016, he was repeatedly denied access to different services due to the overly strong gang presence and gang control of the distribution of services within the facility. (Doc. 15, at 6-8.) Plaintiff alleges that his constitutional rights have been violated, and he seeks as relief "monetary

---

[1] Plaintiff Pius Ailemen filed a consent to proceed before a magistrate judge in all proceedings under 28 U.S.C. § 636(b). (Doc. 19.) Therefore, this magistrate judge can resolve this case under 28 U.S.C. § 636(c).

compensation for the extortion, the cost of the lawsuit, the deprivation, the mental and emotional anguish that me, my family and friends suffered over and during the ordeal." (Doc. 15, at 4.)

## I. DISMISSAL UNDER § 1915A and § 1915(e)(2)(B)

As noted, Plaintiff's pleadings are subject to review to determine whether his claims are frivolous, or fail to state a claim upon which relief may be granted under both §§ 1915A and 1915(e)(2)(B). A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To avoid dismissal for failure to state a claim, plaintiffs must allege facts sufficient to "raise the right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Mere "labels and conclusions" nor "a formulaic recitation of the elements of a cause of action" suffice to state a claim upon which relief may be granted. *Id.*

### A. No Liability for Bureau of Prisons or GEO Group, Inc.

Ailemen has named as a defendants the GEO Group, Inc. and the Bureau of Prisons (BOP).[2]

---

[2] Although Plaintiff lists in the "Parties" section of the amended complaint the "Warden" and "staff" of GEO Group, he does not otherwise state any facts of any conduct by any particular persons, and he does not seek recovery from any individual. (Doc. 15, at 3, 6-12.) Furthermore, although Ailemen is a federal prisoner, he complains of actions take while he was housed in a private prison. But the United States Supreme Court has repeatedly refused to extend liability under *Bivens* except in limited situations. *See Ziglar v. Abbasi, et al.*, 137 S. Ct. 1843, 1861-64 (2017) (holding that *Bivens* should not be extended to claims challenging detention policy in the aftermath of the September 11 attacks and analyzing other situations where the Court has refused to extend *Bivens*). More particularly to any claim against an individual employee of a private prison company, the Supreme Court has refused to extend *Bivens* liability to allow federal prisoners to sue employees of a private prison. *See Minneci v. Pollard*, 565 U.S. 118, 125-130 (2012). In that case, a federal prisoner confined at a private prison sought to assert an Eighth Amendment claim of deliberate indifference to his serious medical needs against individual employees of the prison. *Id.* at 121. The Court held that *Bivens* liability would not be extended to the employees of private facilities where an adequate remedy exists under state law. *Id.*, at 123-131.

Plaintiff has not asserted the exact theories of recovery he pursues in this case, but as he complains of the violation of a deprivation of a right or privilege of a citizen of the United States, and as he seeks recovery for violation of his constitutional rights, the Court construes his complaint as stating a claim for violation of constitutional rights under *Bivens* v. *Six Unknown Named Agents of the Federal Bureau of Narcotics ("Bivens")*, 403 U.S. 388 (1971). In the *Bivens* case, the Supreme Court recognized an individual's right to seek recovery for violation of constitutional rights by a person acting under color of federal law. 403 U.S. at 297. *Bivens* is the counterpart to 42 U.S.C. § 1983, and extends the protections afforded under § 1983 to parties injured by federal actors. *See Evans v. Ball,* 168 F.3d 856, 863 n. 10(5th Cir. 1999) ("A *Bivens* action is analogous to an action under § 1983--the only difference being that § 1983 applies to constitutional violations by state, rather than federal officials"),*overruled on other grounds, Castellano v. Fragozo,* 352 F.3d 939, 948-49 & n. 36 (5th Cir. 2003). A *Bivens* claim, however, is not authorized against a federal agency. *Federal Deposit Insurance Corp. V. Meyer,* 510 U.S. 471, 484-86 (1994). Plaintiff may not assert relief for violation of his constitutional rights against the Bureau of Prisons. Ailemen's claims against the Bureau of Prisons therefore must be dismissed.

As noted, Plaintiff also names as a defendant the "GEO Group Inc." He apparently seeks to hold the GEO Group Inc. liable for alleged violation of his constitutional rights through *Bivens* for the acts of its unnamed employees. The GEO Group, Inc. is a private company that operates numerous prison facilities throughout the United States. *See* http://www.geogroup.com/locations (last visited Aug. 4, 2017). But the Supreme Court has expressly declined to extend *Bivens* liability to private corporations. *See Correctional Serv. Corp. V. Malesko,* 534 U.S. 61, 67-74 (2001) (holding that a *Bivens* claim is not available against a private corporation operating under a contract with the federal government). Thus, Plaintiff Ailemen does not have a *Bivens* remedy against the Geo Group, Inc.

3

*See generally Villasenor v. GEO Group, Inc., et al.*, No.14-CV-2164-BNB, 2014 WL 5293444, at *2 (D. Co. Oct. 16, 2014) ( holding that inmate in detention center operated by GEO Group does not have a *Bivens* remedy against GEO Group, Inc. or its individual employees); *see also United States v. Fears*, No.02-379-2 (JDR), 2014 WL 4669592, at * 1 (D.C. Sep. 19, 2014) (noting that private prisons and their employees - - unlike officers at prisons run by the BOP - - are generally not proper defendants for *Bivens* actions alleging constitutional violations ) ( citations to *Malesko* and *Minneci* omitted). As a result, Plaintiff's claims against the GEO Group must also be dismissed.

It is therefore **ORDERED** that all Plaintiff's claims are **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(ii).

**SO ORDERED**.

Signed August 7, 2017.

E. SCOTT FROST
UNITED STATES MAGISTRATE JUDGE